**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| SILVER BAY SEAFOOD RESTAURANT, INC., | ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.:

**COMPLAINT**

## NATURE OF THE ACTION

This action is filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., as amended ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Claire Margaret Lee ("Ms. Lee"), who was adversely affected by such practices. Plaintiff, the Equal Employment Opportunity Commission, alleges that Defendant, Silver Bay Seafood Restaurant, Inc., ("Defendant"), unlawfully discriminated against Ms. Lee by subjecting her to a hostile work environment based on her sex, female.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.     This action is authorized and instituted pursuant to Sections 706(f)(1) and (3)of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.     The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of South Carolina, Greenville Division.

## PARTIES

4.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized by Title VII to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.      Defendant, Silver Bay Seafood Restaurant, Inc., is a South Carolina Corporation that operates at least two restaurants in South Carolina, one in Greenville and one in Simpsonville.

6.      At all relevant times, Defendant has continuously done business in the State of South Carolina in Greenville County and has continuously maintained at least fifteen (15) employees.

7.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

8.      More than thirty (30) days prior to the institution of this lawsuit, Ms. Lee filed a charge with the Commission alleging violations of Title VII by Defendant.  Defendant responded to Ms. Lee's charge and participated in all aspects of the Commission's administrative investigation.

9.      On April 6, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with

the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11.    On May 3, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM

13.    As described in greater detail below, from on or about January 18, 2021, through on or about February 8, 2021, Defendant engaged in unlawful employment practices at its Greenville and Simpsonville restaurants, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-(2)(a).  Specifically, Defendant discriminated against Ms. Lee by subjecting her to sex harassment and a sexually hostile work environment.

14.    On or about January 18, 2021, Defendant hired Ms. Lee to work as a server at Defendant's Greenville South Carolina restaurant ("Greenville Restaurant").

15.    Within the first week of her employment with Defendant, Ms. Lee was advised by the Greenville General Manager and another female server to avoid going to secluded parts of the restaurant alone for her protection.

16.    Specifically, she was advised by at least one of these individuals to use a "buddy system" when going into the walk-in coolers.

17.    It was Ms. Lee's understanding that she should avoid secluded areas and use the buddy system to protect herself from sexual advances by coworkers.

18.    On or about February 5, 2021, the General Manager at the Greenville Restaurant sent Ms. Lee to work at Defendant's Simpsonville restaurant ("Simpsonville Restaurant").

19.     Prior to February 5, 2021, Ms. Lee had never worked at the Simpsonville Restaurant.

20.     At the start of her shift at the Simpsonville Restaurant, the head hostess on duty introduced Ms. Lee to that location's head server, a male employee of Defendant (hereafter "head server") and left Ms. Lee to engage with the head server on her own.

21.     Throughout the shift, the head server took unwanted physical liberties with Ms. Lee, such as:

      a.     touching Ms. Lee from behind and placing his hands on her breasts;

      b.     running his hands down her body in a caressing motion; and

      c.     placing his hand on her lower waist to physically direct her through the restaurant.

22.     Throughout the shift, the head server repeatedly made vulgar sexual comments to Ms. Lee, which she found highly offensive, such as:

      a.     "You thick as hell. I'd love to lick the skin off of you."

      b.     "I can only imagine what you would look like with your clothes off."

      c.     "I can only imagine how good you are in bed."

      d.     "Your ass is juicy; I can only imagine what it would be like bouncing up and down."

23.     Ms. Lee tried to ignore them in hopes that he would stop.  When his sexual comments and touching continued, she told him to stop.

24.     In response to which, the head server stopped and said, "Sorry, I can't help myself."

25.     When Ms. Lee's shift at the Simpsonville Restaurant ended, she returned to the Greenville Restaurant where she was scheduled to work the dinner shift the same day.

4

26. Upon arrival on February 5, 2021 at the Greenville Restaurant or shortly thereafter, Ms. Lee reported the head server's sexually inappropriate comments and conduct to the General Manager at the Greenville Restaurant and one of Defendant's owners.

27. The Greenville General Manager and the owner's response to Ms. Lee's complaints did not give her any indication that they were taking the matter seriously and were going to address the situation.

28. Specifically, the Greenville General Manager and the owner were laughing and one suggested that Ms. Lee should have, "kicked him [the head server] in the ba***," clearly referring to his groin area.

29. The next day, on February 6, 2021, in a meeting with a different owner for Defendant and the Greenville General Manager, Ms. Lee again reported the harassment.

30. However, based on their reactions, Ms. Lee again did not feel her complaint was taken seriously.

31. On February 8, 2021, Ms. Lee resigned because she no longer felt comfortable working for Defendant.

32. Upon information and belief, the head server engaged in inappropriate sexual conduct and/or comments toward at least one other female employee of Defendant, of which Defendant knew or should have known.

33. Upon information and belief, the head server's sexually harassing conduct was open, obvious, and generally known by Defendant's employees.

34. Defendant knew or should have known about the head server's propensity for engaging in sexually inappropriate conduct toward other employees in the workplace and the sexual harassment of Ms. Lee.

35.     Defendant failed to take prompt and effective action to stop the sexual harassment.

36.     Defendant allowed the head server to continue working with female employees and directed Ms. Lee to work at a location where she was required to work directly with the head server.

37.     Defendant lacks effective policies and procedures to prevent and correct sexual harassment in the workplace.

38.     Defendant lacks effective policies and procedures for victims of sexual harassment to register complaints.

39.     Any purported sexual harassment policy of Defendants was illusory and defective.

40.     The sexually charged environment, sexually explicit comments, and sexual conduct described herein created a hostile work environment for Ms. Lee because of her sex, female.

41.     The harassment was severe or pervasive to the point of altering the terms and conditions of Ms. Lee's employment and created an abusive work environment.

42.     The unlawful practices complained of above have deprived Ms. Lee of equal employment opportunities and have otherwise adversely affected her status as an employee because of her sex, female.

43.     The unlawful practices complained of above were willful and intentional.

44.     The unlawful practices complained of above were committed with malice or, at a minimum, with reckless indifference to Ms. Lee's federally protected rights.

45.     As a direct and proximate result of Defendant's violations of Title VII, Ms. Lee suffered actual damages including but not limited to humiliation, emotional distress, and loss of enjoyment of life.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from allowing sexual harassment in the workplace and from allowing a hostile work environment based on sex in violation of Title VII.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of past and present unlawful employment practices.

C.    Order Defendant to make Ms. Lee whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.    Order Defendant to make Ms. Lee whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to, emotional pain and suffering, inconvenience, fright, humiliation, loss of enjoyment of life and loss of civil rights, in amounts to be determined at trial.

E.    Order Defendant to pay Ms. Lee punitive damages for its willful, malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.    Grant such further relief as the Court deems necessary and proper in the public interest.

G.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 31st day of July 2023.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE Washington, D.C. 20507

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney

YLDA M. KOPKA
Assistant Regional Attorney

*/s/ MARY K. LITTLEJOHN*
Mary Katherine Littlejohn, Trial Attorney
SC Federal Bar Number: 13690
EEOC Greenville Local Office
301 N. Main St, Suite 1402
Greenville, SC 29601
Phone: (864) 565-0353
Email: mary.littlejohn@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**